IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL CITY ENERGY COMPANY, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF HAYWARD,<br><br>　　　　Defendant.<br>_____ / | No. C 14-03102 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON October 31, 2014, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

1. In its opposition brief, Plaintiff argues that if it prevails in this case, Defendant "will be at liberty to continue to collect" the Utility Users Tax ("UUT") from Plaintiff "and presumably will do so. The issue presented here is whether [Defendant] must live with the consequences of its actions, i.e. it must pay damages." (Opp. Br. at 11:19-21.) Does Plaintiff intend to take the position that at least some of those damages are the UUT assessments it has paid?

2. Following the United States Supreme Court's decision in *Hibbs v. Winn*, 542 U.S. 88, (2004), the Ninth Circuit has stated that in order to determine whether the Tax Injunction Act ("TIA") would bar a plaintiff's claim, the "dispositive question . . . is whether plaintiff's action, if successful, would reduce the flow of state tax revenue." *Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1184 (9th Cir. 2006); *accord May Trucking Company v. Oregon Dep't of Transportation*, 388 F.3d 1261, 1267 (9th Cir. 2004) (citing *Hibbs*, 542 U.S. at 106).

What is Plaintiff's best argument that, if it prevails on its claims for damages and declaratory relief, the effect would not be to reduce the flow of state tax revenue or otherwise restrain, enjoin or suspend a state tax assessment? *See, e.g., Beach Creek Marina v. Royal Tax Lien Services, LLC*, 2010 WL 2674457, at *5 (D.N.J. June 30, 2010) (dismissing, *inter alia*, claim for breach of contract where relief sought would enjoin, suspend, or restrain a state tax assessment); *Jefferson Development Group, Inc. v. Georgetown Municipal Water & Sewer Service*, 2008 WL 687193, at *4-*5 (E.D. Ky. Mar. 10, 2008) (after concluding that tap fee was a tax, dismissing, *inter alia*, claim for breach of contract on basis that claim would be barred by TIA); *Chattanooga Gas Company v. City of Chattanooga*, 2007 WL 1387505, at *6, *12 (E.D. Tenn. May 7, 2007) (same); *Karas v. Katten Muchin Zavis Rosenman*, 2006 WL 20507, at *5-*6 (S.D.N.Y. Jan. 3, 2006) (dismissing breach of contract claim as barred by federal Anti-Injunction Act and Tax Injunction Act), *aff'd* 2009 WL 38898 (2d Cir. Jan. 8, 2009);

*compare Fredrickson v. Starbucks Corp.*, 980 F. Supp. 2d 1227, 1232-33 (D. Or. 2013) (finding that plaintiffs claim for breach of contract against private employer not barred by TIA, where plaintiffs admitted income at issue was taxable but challenged employer's policy of imputing or estimating tips).[1]

**IT IS SO ORDERED.**

Dated: October 28, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The parties make much of the fact that neither side had brought cases involving the interplay of breach of contract claims and the Tax Injunction Act to the Court's attention.  Although these cases are not binding on the Court, and the parties need not address that point at oral argument, the Court brings them to the parties' attention.

3