UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL CITY ENERGY COMPANY, LLC, | No. C-14-03102 JSW (DMR) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION FOR ATTORNEYS' FEES [DOCKET NO. 40]** |
| v. | |
| CITY OF HAYWARD, | |
| Defendant. | |

This matter has been referred to the undersigned for a Report and Recommendation on Defendant City of Hayward's motion for attorneys' fees. [Docket No. 40.] The court finds that this matter is appropriate for resolution without oral argument. N.D. Cal. Civ. L.R. 7-1(b). For the following reasons, the court issues this Report and Recommendation, with a recommendation that the motion be dismissed, or in the alternative, denied.

**I. Factual & Procedural Background**

The factual allegations in the complaint are summarized in the district judge's order granting Defendant's motion to dismiss. Plaintiff Russell City Energy Company, LLC ("RCEC") and City of Hayward ("the City") are parties to a 2005 agreement and a 2006 amendment thereto (together, "the Agreement") in which RCEC agreed to build the Russell City Energy Center ("the Energy Center"), a "natural gas fired combined cycle power plant," in Hayward, California. (Compl. Ex. A

1  (Agreement).)  In July 2014, RCEC filed this lawsuit against the City alleging five state law claims
2  and one federal claim arising out of the City's alleged breach of the Agreement.  RCEC's claims
3  were based upon the City's 2011 notification that its Utility Users Tax Ordinance ("UUT") applied
4  to the Energy Center's operations.  Specifically, RCEC alleged that the City's determination that the
5  tax applied to the Energy Center, as well as the City's subsequent tax assessments on the Energy
6  Center, violated a provision of the Agreement that stated "the City shall not impose any other levies,
7  fees, taxes, contributions, or charges on [RCEC] . . . other than such levies, fees, taxes,
8  contributions, or charges generally applicable to similarly situated owners of real property located in
9  the City."  (*See* Compl. ¶¶ 3, 6, 44, 45, Agreement § 6.)

10  RCEC filed an amended complaint in August 2014, asserting claims for 1) breach of
11  contract; 2) promissory estoppel; 3) anticipatory repudiation; 4) violations of the contracts clauses of
12  the United States and California constitutions, pursuant to 42 U.S.C. § 1983; and 5) declaratory
13  relief. [Docket No. 19.]  The City moved to dismiss the amended complaint, and on November 13,
14  2014, the Honorable Jeffrey S. White granted the City's motion and entered judgment.  [Docket
15  Nos. 36 (Dismissal Order), 37.]  The court held that the Tax Injunction Act ("TIA"), 28 U.S.C. §
16  1341, and principles of comity precluded the court from exercising jurisdiction over RCEC's claims.
17  The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy
18  or collection of any tax under State law where a plain, speedy and efficient remedy may be had in
19  the courts of such State."  The TIA applies to municipal taxes like the City's UUT.  28 U.S.C. §
20  1341; *Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004) ("State taxation, for § 1341 purposes, includes
21  local taxation.").  The court concluded that the "crux of each of RCEC's claims for relief is that the
22  UUT does not apply to it, and the City breached its agreement by assessing the tax against it";
23  accordingly, since "RCEC [sought] orders that would enable it to avoid paying state taxes," the court
24  lacked subject matter jurisdiction over the action.  (Dismissal Order 5-6.)

25  The City now seeks attorneys' fees incurred in defending this action under section 21 of the
26  Agreement, which provides:

27      If an arbitration, mediation, court or other proceeding is brought to enforce or
       interpret any of the terms of this Agreement, the Party not prevailing shall pay the
28      prevailing Party's attorney fees, costs and disbursements, and such other sums as

the arbitrator, mediator or court may determine to be reasonable for the prevailing Party in the case.

(Agreement § 21.)  RCEC opposes the motion.

## II. Legal Standard

California law governs the method of calculating attorneys' fees awarded under state law. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  "'Unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable' in California." *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. 05-cv-0553 MHP, 2007 WL 2462141, at *1 (N.D. Cal. Aug. 29, 2007) (quoting *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 127 (1979)).  California Civil Code section 1717 governs contractual fee provisions, and provides in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

The starting point for determining reasonable attorneys' fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chambers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  To determine reasonable hourly rates, the court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

## III. Analysis

**A.    Jurisdiction to Consider this Motion**

As a preliminary matter, the court must determine whether it has jurisdiction to determine this motion given that the action has been dismissed for lack of subject matter jurisdiction.

3

According to RCEC, because the court determined that it lacked jurisdiction to adjudicate its claims on the merits, the court lacks jurisdiction to award attorneys' fees to the City.

Under Ninth Circuit precedent, a court that has dismissed a case for lack of subject matter jurisdiction generally has no jurisdiction to award attorneys' fees. *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988) (in tax abatement case, holding that "since the district court lacked jurisdiction to entertain the tax claim, it had no authority to award attorney's fees"); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992) ("if the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees'" (citing *Latch*, 842 F.2d at 1033)); *Branson v. Nott*, 62 F.3d 287, 292-93 (9th Cir. 1995) ("because the district court lacked subject matter jurisdiction over [plaintiff's] purported civil rights claim in the first instance, it also lacked the power to award attorney's fees under the civil rights attorney fee statute [42 U.S.C. § 1988] . . . 'fee shifting provisions cannot themselves confer subject matter jurisdiction'"); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) ("[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."). "An exception to this rule exists where the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction," *Latch*, 842 F.2d at 1033, or where a district court imposes Rule 11 sanctions for filing a frivolous complaint. *See Branson*, 62 F.3d at 293 (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992)). For example, 28 U.S.C. § 1919, which authorizes a court to order "the payment of just costs" whenever a suit is dismissed, and 28 U.S.C. § 1447(c), which authorizes an order requiring "payment of just costs . . . including attorney fees" incurred as a result of wrongful removal, each allow a district court to award fees even though it lacks jurisdiction over substantive claims. *Branson*, 62 F.3d at 293 n.10; *see also Cal. Ass'n of Physically Handicapped, Inc. v. FCC*, 721 F.2d 667, 671 (9th Cir. 1983) (§ 505(b) of the Rehabilitation Act contains independent grant of jurisdiction allowing district court to award fees even where it lacked jurisdiction over action).

In this case, the City seeks fees solely pursuant to California Civil Code section 1717. The City provides no authority to support construing section 1717 as conferring an independent grant of jurisdiction to the court. Accordingly, this exception is inapplicable here. *See Archer v. Silver State Helicopters, LLC*, No. 06CV1229 JAH(RBB), 2007 WL 4258237, at *2 (S.D. Cal. Dec. 3, 2007)

1  (concluding "there is no basis for construing [state law fee provisions, including Cal. Civil code §
2  1717] as containing an independent grant of jurisdiction to this Court"); *see also In re Knight*, 207
3  F.3d 1115, 1117 (9th Cir. 2000) (holding that court that lacks subject matter jurisdiction over action
4  lacks authority to award fees and costs under ERISA section 502(g)(1); noting "the logic of *Branson*
5  is broadly controlling").

6  In response, the City cites *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir.
7  2000), in support of its position that this court may exercise jurisdiction to determine this motion.  In
8  *Kona*, the Ninth Circuit held that "a district court sitting in diversity may award attorneys' fees to
9  the prevailing party under applicable state law, despite a dismissal of the action for lack of subject
10 matter jurisdiction." *Id*. at 887-88 (affirming award of attorneys' fees and costs to defendants
11 deemed "prevailing party" under Hawaii statute after plaintiffs' claims dismissed with prejudice for
12 lack of subject matter jurisdiction).  However, *Kona*, which was decided after *Latch*, *Smith*, and
13 *Branson*, did not mention or distinguish those cases, and a number of district courts have declined to
14 consider *Kona*'s holding on this point to be binding authority for that reason.  *See, e.g., Archer*, 2007
15 WL 4258237, at *2-3 ("[a]bsent an intervening Supreme Court decision, a Ninth Circuit panel must
16 follow Ninth Circuit precedent unless such precedent is distinguished; precedent may only be
17 overruled by the Ninth Circuit sitting *en banc*. . . . [b]ecause one panel cannot overrule another, and
18 because *Kona Enterprises* failed to distinguish what appears to be controlling authority, this Court
19 concludes it would be inappropriate to follow *Kona Enterprises*."); *Skaaning v. Sorenson*, 679 F.
20 Supp. 2d 1220, 1224-25 (D. Haw. 2010) ("[t]he *Kona Enterprises* panel, which was not sitting *en
21 banc*, did not, and indeed could not, overrule [*Latch*, *Smith*, and *Branson*] . . . to the extent that the
22 *Kona Enterprises* panel's statement on this narrow issue is contrary to prior established precedent as
23 well as subsequent Ninth Circuit case law, *Kona Enterprises* does not control this Court's
24 determination."); *see also Doan v. Singh*, No. 1:13-cv-00531-LJO-SMS, 2013 WL 5718720, at *3-4
25 (E.D. Cal. Oct. 18, 2013) (concluding that it lacked jurisdiction to evaluate request for attorneys'
26 fees pursuant to California Civil Code section 1717 where it dismissed underlying claims for lack of
27
28

subject matter jurisdiction, citing *Skaff*; concluding that *Kona* "should be limited to its facts . . . if not disregarded entirely.").[1]

This court finds the reasoning of *Archer*, *Skaaning*, and *Doan* persuasive and declines to follow *Kona* here. Additionally, the court agrees with the *Archer* court's determination that "the statement of law in [*Latch*, *Smith*, *Branson*, *Skaff*, and *Knight*]–that a district court has no authority to award attorney's fees where it lacks jurisdiction over the underlying suit–is sufficiently broad to preclude an award of fees" in this case, where RCEC is free to pursue its claims in state court.[2] *See Skaaning*, 679 F. Supp. 2d at 1225 (noting that the court in *Kona* emphasized that the plaintiff's action was dismissed with prejudice and distinguishing *Kona* on that ground; *Skaaning* plaintiff's claims were not dismissed with prejudice and could be pursued in state court).

The court concludes that it lacks jurisdiction to consider the City's motion for attorneys' fees. Accordingly, it recommends that the motion be dismissed on that basis. *See Skaff*, 506 F.3d at 837 n.2 ("[o]rdinarily, the appropriate disposition of a motion for attorneys' fees when the court lacked jurisdiction from the outset of an action is not denial of the motion . . . but dismissal of the motion for lack of jurisdiction" (citations omitted)).

**B.     The City's Entitlement to Fees**

Alternatively, even assuming the court has jurisdiction over the City's fee motion, the court recommends the motion be denied because the City is not entitled to fees under California Civil Code section 1717(a) as the "party prevailing on the contract."

Section 1717, which the parties agree governs this dispute, provides in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorney's fees in addition to other costs. . . .

---

[1] Notably, *Skaff* was decided in 2007, after *Kona*. The court in *Skaff* relied upon *Latch*, *Smith*, and *Branson* in holding that "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Skaff*, 506 F.3d at 837. It did not cite or discuss *Kona*.

[2] In fact, RCEC represents in its opposition that the breach of contract claims are now pending in state court. (*See* Pl.'s Opp'n 6.)

> The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no prevailing party on the contract for purposes of this section.

Cal. Civ. Code § 1717(a), (b)(1).[3] The California Supreme Court provided the following guidance in applying section 1717 in *Hsu v. Abbara*, 9 Cal. 4th 863 (1995):

> [I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made *only upon final resolution of the contract claims* and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.

*Id.* at 876 (quotations and citations omitted, emphasis added). "*[I]n determining litigation success*, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'" *Id.* at 877.

In this case, while the City prevailed in this action, the court dismissed RCEC's claims for lack of subject matter jurisdiction. There was no determination or "final resolution" of the contract claim's merits; in fact, the breach of contract claims are now pending in state court. *See Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005) (holding defendant not entitled to fees under section 1717 because court dismissed claims for lack of subject matter jurisdiction, noting "this Court's dismissal for lack of subject matter jurisdiction in *federal court* did not foreclose the possibility that Plaintiff could pursue its contract claims in *state court*. Thus, it remains to be seen which entity is the 'prevailing party' on Plaintiff's contract action."); *N.R. v. San Ramon Valley Unified Sch. Dist.*, No. C 05-0441 SI, 2006 WL 1867682, at *7 (N.D. Cal. July 5, 2006) (denying award of fees pursuant to section 1717 where court dismissed breach of contract claim for lack of subject matter jurisdiction; "Plaintiffs remain free, after this Court's decision, to pursue their breach of contract claims in state court.").

---

[3] Section 1717(b)(2) applies to voluntary dismissals or dismissals upon settlement.

The City urges the court to reach a different result, citing *Profit Concepts Management, Inc. v. Griffith*, 162 Cal. App. 4th 950 (2008). In *Profit Concepts*, the court affirmed the trial court's award of attorneys' fees to the defendant where it had dismissed a contract claim for lack of personal jurisdiction, reasoning that "[t]he case in California has been finally resolved" and nothing had been awarded on the plaintiff's complaint. *Id.* at 956. The court rejected the argument that fees should not be awarded because the plaintiff had re-filed the claim in another state, concluding "[w]e find nothing in the language of the statute or of *Hsu v. Abbara*, or any other case, that requires resolution in another state on the merits of a contract claim first asserted in California before a prevailing party can be determined here, when the matter has been completely resolved vis-a-vis the California courts." *Id.*; *see also PNEC Corp. v. Meyer*, 190 Cal. App. 4th 66, 72-73 (2010) (granting attorneys' fees following dismissal of contract claim for forum non conveniens where the plaintiff could re-file in Washington, following *Profit Concepts*). These cases do not compel a different result here, because unlike *Profit Concepts* and *PNEC*, RCEC's contract claims have not been "completely resolved vis-à-vis the California courts."

Moreover, *Profit Concept*'s holding is inconsistent with the plain language of section 1717, which provides that fees shall be awarded to "the party prevailing on the contract," and the California Supreme Court's guidance that "[t]he prevailing party determination is to be made only upon final resolution of the contract claims." *Hsu*, 9 Cal. 4th at 876; *see also Estate of Drummond*, 149 Cal. App. 4th 46, 56 (2007) ("the phrase 'prevailing *on the contract*,'. . . implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement.").

Accordingly, the court declines to follow *Profit Concepts*. *See HSBC Bank USA v. DJR Properties, Inc.*, No. 1:09-CV-01239 AWI SKO, 2011 WL 1404899, at *2 (E.D. Cal. April 13, 2011) (holding party dismissed for lack of subject matter jurisdiction cannot be prevailing party on contract under section 1717; noting "*Profit Concepts* is unpersuasive and this Court declines to follow it"); *Garzon v. Varese*, No. CV 09-9010 PSG (PLAx), 2011 WL 103948, at *3 (C.D. Cal. Jan. 11, 2011) ("[b]ecause Defendant secured a dismissal on technical grounds, rather than a judgment on the merits of the contract claim, he is not the prevailing party within the meaning of section 1717 and is, therefore, not entitled to attorney's fees."); *Vistan Corp. v. Fadei, USA, Inc.*, No. C-10-04862

8

JCS, 2013 WL 1345023, at *3-4 (N.D. Cal. April 2, 2013) (distinguishing *Profit Concepts* and *PNEC* and denying fee motion in part because contract claim, dismissed for lack of subject matter jurisdiction, was not completely resolved); *see also Advance Fin. Res., Inc. v. Cottage Health Sys., Inc.*, No. CV 08-1084-KI, 2009 WL 2871139, at *4 (D. Or. Sept. 1, 2009) ("I find *Profit Concepts* unpersuasive and decline to follow it."). As the City has not prevailed "on the contract" within the meaning of section 1717, the court recommends that its motion for attorneys' fees be denied.

## IV. Conclusion

For the foregoing reasons, the court recommends that the City's motion for attorneys' fees be dismissed, or in the alternative, denied.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: February 17, 2015



DONNA M. RYU
United States Magistrate Judge